IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JACK BROWN,

          Plaintiff,

    v.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

          Defendant.

Civ. No. 3:11-cv-00953-AC

FINDINGS AND
RECOMMENDATION

ACOSTA, Magistrate Judge:

    Claimant Jack Brown ("Brown") moves for attorney fees pursuant to 42 U.S.C. § 406(b), which permits a court to award attorney fees to the attorney of a successful Social Security claimant, so long as such award is "a reasonable fee for such representation" and "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . ." 42 U.S.C. § 406(b)(1)(A). Although Brown is the claimant in this case, the real party in interest to this motion is his attorney

FINDINGS AND RECOMMENDATION    1                        {KPR}

Merrill Schneider ("Schneider"), and the Commissioner does not oppose the motion, but merely acts in a manner similar to "a trustee for the claimant[]." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 (2002). Having reviewed the proceedings below and the amount of fees sought, the court concludes that Schneider is entitled to fees under section 406(b) in the amount sought.

*Procedural Background*

Brown filed for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act, respectively. The Commissioner denied his claim initially and on reconsideration. Brown's claim was heard by an Administrative Law Judge ("ALJ") at an October 15, 2009, hearing. The ALJ found Brown not disabled. Brown requested review of this decision by the Appeals Council, which request was denied. Brown then sought review by this court.

In his opening brief, Brown raised four objections to the ALJ's decision. First, he argued that the ALJ erroneously rejected the opinions of an examining physician. The court agreed that the ALJ had committed reversible error in failing to give clear and convincing reasons to reject the examining physician's conclusions. Second, Brown argued that the ALJ improperly rejected his statements regarding the side effects of his medication. The court disagreed, finding that the ALJ did not err in excluding Brown's side-effect testimony due to his lack of compliance with the treatment recommendations of his physicians. Third, Brown argued that the ALJ failed to identify the transferrable skills that would permit him to adapt to the job set forth in Step Five. The court agreed with the Commissioner that, in light of Brown's age, the ALJ was not required to identify Brown's transferrable skills and, in any event, such failure would have been harmless. Fourth, Brown objected to the ALJ's treatment of the lay testimony of his father. The court found that the

ALJ had erred by both giving probative weight to portions of the father's testimony, but ignoring other relevant portions without providing germane reasons for doing so. Finally, the court determined that in light of the ample record evidence, the testimony of the vocational expert and Brown's father, and the errors committed by the ALJ, there were no additional issues to resolve and the remand should be for an immediate award of benefits.

*Discussion*

After entering a judgment in favor of a Social Security claimant who was represented by counsel, a court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of twenty-five percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S .C. § 406(b)(1)(A). However, a "twenty-five percent contingent-fee award is not automatic or even presumed; 'the statute does not create any presumption in favor of the agreed upon amount.'" *Dunnigan v. Astrue*, Civil No. 07-1645-AC, 2009 WL 6067058, *7 (D. Or. Dec. 23, 2009) (quoting *Gisbrecht*, 535 U.S. at 807 n.17, *adopted by*, 2010 WL 1029809 (March 17, 2010)). A section 406(b) fee award is paid from claimant's retroactive benefits, and an attorney receiving such an award may not seek any other compensation from the claimant. *Id*. Accordingly, when a court approves both an EAJA fee and a section 406(b) fee payment, the claimant's attorney must refund to the claimant the amount of the smaller of the two payments. *Gisbrecht*, 535 U.S. at 796.

I.   Fee Agreement

Under the Supreme Court's decision in *Gisbrecht*, the court first examines the contingent fee agreement to determine whether it is within the statutory twenty-five percent cap. Brown and Schneider executed a contingent-fee agreement, providing that if Schneider obtained payment of

past-due benefits, Brown would pay him twenty-five percent of the past-due benefits awarded. *See* Motion for Attorney Fees (#22), Attachment 2. The terms of this agreement are thus within the statute's limits.

The next step is to confirm that the fee requested by counsel does not exceed the statute's twenty-five percent ceiling. This determination requires evidence of the retroactive benefits to be paid to the claimant. Schneider has included a document from the Society Security Administration entitled "Notice of Award," which details the retroactive benefits due Brown and states that it has withheld $31,360.50, which amounts to "25 percent of past due benefits in order to pay the approved lawyer's fee." (Motion for Attorney Fees (#22), Attachment 3 at 4.) Schneider currently seeks $16,000 in fees under section 406(b). Thus, the requested award is within the statutory limit. After determining that the fee agreement and the amount requested are in accordance with the statutory limits, this court next turns to "its primary inquiry, the reasonableness of the fee sought." *Dunnigan*, 2009 WL 6067058, at *10.

II.     Reasonableness Factors

An order for an award of benefits should not be viewed in isolation, nor can it be presumed always to require a fee award of twenty-five percent of a claimant's retroactive benefits award. *Dunnigan*, 2009 WL 6067058, at *12. If obtaining benefits always supported awarding fees for the maximum amount provided for by statue, the other *Gisbrecht* factors and the trial courts' assigned task of "'making reasonableness determinations in a wide variety of contexts'" would be unnecessary. *Id*. (quoting *Gisbrecht*, 535 U.S. at 808). Here, Schneider seeks 17 percent of the past due benefits, less than the statutory cap of 25 percent.

Counsel bears the burden to establish the reasonableness of the requested fee. *Gisbrecht*, 535

U.S. at 807. While the court must acknowledge the "primacy of lawful attorney-client fee agreements," contingent fee agreements that fail to "yield reasonable results in particular cases" may be rejected. *Id*. at 793, 807. The court must ensure a disabled claimant is protected from surrendering retroactive disability benefits in a disproportionate payment to counsel. *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (*en banc*) (citing *Gisbrecht*, 535 U.S. at 808). The four factors to be considered when evaluating the requested fee's reasonableness have been identified by the Ninth Circuit as derived from the Court's analysis in *Gisbrecht*:

1. the character of the representation, specifically, whether the representation was substandard;
2. the results the representative achieved;
3. any delay attributable to the attorney seeking the fee; and
4. whether the benefits obtained were "not in proportion to the time spent on the case" and raise the specter that the attorney would receive an unwarranted windfall.

*Crawford*, 586 F.3d at 1151-53 (citations omitted). The Ninth Circuit, in *Crawford*, also identified the risk inherent in contingency representation as an appropriate factor to consider in determining a section 406(b) award. It focused the risk inquiry, however, stating that: "the district court should look at the complexity and risk involved in the specific case at issue to determine how much risk the firm assumed in taking the case." 586 F.3d at 1153.

　　*A.*　　*The Character of Representation*

Substandard performance by a legal representative may warrant a reduction in a section 406(b) fee award. *Crawford*, 586 F.3d at 1151. The record in this case, however, provides no basis for a reduction in the requested section 406(b) fee due to the character of Schneider's representation. In fact, Schneider prevailed on two of his four arguments and successfully argued that the remand should be for an award of benefits.

B.	*Results Achieved*

The court ordered a remand of Brown's claim for an immediate award of benefits, a wholly positive result obtained by Schneider.

C.	*Undue Delays*

A court may reduce a section 406(b) award for delays in proceedings attributable to claimant's counsel. *Crawford*, 586 F.3d at 1151. Here, Brown's opening brief was filed timely on February 23, 2012, and no extensions were requested prior to filing. The Commissioner filed the response brief on April 26, 2012, and Brown's reply brief was filed thereafter on May 10, 2012. Accordingly, there is nothing in the record to suggest that there was delay attributable to Schneider, the attorney seeking the fee, and a reduction of Schneider's fee request is unwarranted under this factor.

D.	*Proportionality*

Finally, a district court may reduce a section 406(b) award if "benefits . . . are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808). The Supreme Court explained "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808.

Schneider cites *Breedlove v. Astrue*, 3:07-CV-1743-AC, 2011 U.S. Dist. LEXIS 68376 (D. Or. Mar. 15, 2011), wherein the court affirmed a fee agreement that resulted in an effective hourly rate of $1,041.84. Schneider contends, further, that the hourly rate is not the sole focus of the proportionality analysis and argues that, in light of the substantial back benefits secured for his client, the amount requested is reasonable.

In this case, Schneider filed a fourteen-page opening brief asserting four errors by the ALJ,

two of which are arguably novel arguments not routinely asserted in similar cases. Schneider prevailed on his more traditional arguments regarding the testimony of an examining physician and the claimant's father. Schneider also argued that the case should be remanded for an award of benefits. The Commissioner defended the ALJ's decision on all points and argued that, in the event error was assessed, the remand should be for reconsideration and not for benefits. Schneider filed a short reply bolstering his arguments on two points, and persuasively argued that the lay witness testimony of Brown's father should be credited as true. This case, thus, was slightly more difficult than average though the briefing submitted was less extensive than in other cases, but not substantially so.

By the court's calculation, Brown is entitled to $125,442 in past-due benefits and Schneider reports he expended sixteen hours representing Brown. He currently seeks $16,000 in fees plus $4,914.05 for his representation of Brown at the agency level, for a total of $20,914.05, which amount would result in an effectively hourly rate of $1,307.12. The court notes, however, that the payment of fees at the agency level and the district court level are the result of distinct processes in that the Social Security Administration is tasked with approving fees sought for representation at the agency level. "Section 406(a) grants the Social Security Administration exclusive jurisdiction to award attorney's fees for representation of a Social Security claimant in proceedings before the Administration." *Clark v. Astrue*, 529 F.3d 1211, 1215 (9th Cir. 2008). Thus, the court's analysis is restricted to the fees, $16,000, sought for representation at this level.

Schneider, in seeking $16,000 in fees for representation before this court, has reduced his fee request to less than thirteen percent of past-due benefits. Although this amount results in a high effective hourly rate of $1,000 per hour, it is reasonably proportional to the fees sought. The court

declines, in this instance, to reduce the fee further in light of this rate, though it cautions that this rate will typically call for a reduction where the percentage of past-due benefits is higher or the past-due benefits themselves are less substantial.

   *E.    Risk*

Schneider argues that the court should consider not only the specific risk posed by a particular case, but the general risk undertaken by Social Security practitioners. He cites the probability of prevailing in a Social Security case as a "multiplier" that should be applied to the average fee for a civil attorney to determine "the hourly rate which would properly compensate plaintiff's attorney for the risk of non-payment due to contingency and put him on equal footing with the average Portland-area attorney." (Memorandum 5.) Schneider misreads *Gisbrecht* and *Crawford* on this point. The nature of contingency work is a factor to be considering when evaluating risk under *Crawford*, but the risk analysis should focus on the "complexity and risk involved in the specific case at issue . . . ." 586 F.3d at 1153.

To support his argument Schneider cites *In re Washington Public Power Supply System Securities Litigation*, 19 F.3d 1291, 1299-1301 (9th Cir. 1992). That case has nothing to do with attorney fee awards under section 406(b) or Social Security in general, but instead involved a class-action lawsuit stemming from the largest municipal bond default in history. In fact, the risk analysis for Social Security contingent fee awards is specific to the particular case, as the Ninth Circuit made clear in *Crawford*: "the district court should look at the complexity and risk involved in the specific case at issue to determine how much risk the firm assumed in taking the case." *Crawford*, 586 F.3d at 1153 (specifically rejecting focusing on a "firm's overall success rate" to determine risk).

Schneider points to no risk specific to this case and, instead, argues that it was no *less* risky

than other such cases. The court agrees that the degree of risk was typical and does not weigh either for or against a reduced fee award.

## *Conclusion*

For the reasons stated, an award of $16,000 in fees for representation before this court is found reasonable, and Brown's Unopposed Motion for Attorney Fees (#22) should be granted.

## *Scheduling Order*

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due June 6, 2013. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 23rd day of May, 2013.

       /s/ John V. Acosta
       JOHN V. ACOSTA
       United States Magistrate Judge